**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4735**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MUSTAFA MUHAMMAD,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:14-cr-00055-REP-1)

———————

Submitted:  April 28, 2015          Decided:  May 5, 2015

———————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Heather L. Hart, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mustafa Muhammad was convicted of interstate transportation of a minor for commercial sex, 18 U.S.C. § 2423(a) (2012), and was sentenced to 120 months in prison. Muhammad now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the propriety of a jury instruction, but concluding that there are no meritorious issues for appeal. Muhammad has filed a pro se brief raising additional issues. We affirm.

In the Anders brief, counsel argues that the district court erroneously instructed the jury that, to convict under § 2423(a), the Government did not have to prove that the defendant knew the victim was under eighteen at the time of the offense. The court further instructed that the fact that the Defendant was mistaken about or ignorant of the victim's true age was not a defense. Counsel concedes that the instruction was in accordance with our decision in United States v. Washington, 743 F.3d 938, 943 (4th Cir. 2014) (holding that, in a prosecution under § 2423(a), the Government is not required to prove the defendant knew the victim was a minor), but argues that Washington was wrongly decided.

"[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do

that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted). In light of our decision in Washington, we hold that the instruction was proper.

Muhammad raises a wide array of claims in his pro se brief. Having carefully considered that brief, we conclude that none of the claims has merit.

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Muhammad, in writing, of the right to petition the Supreme Court of the United States for further review. If Muhammad requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Muhammad. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3